UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRYANT DAVIS a/k/a Bryant Davidson,

    Plaintiff,

v.

ROBERT DEAN, Warden,
JIDE SHAMOYE, Correctional Officer,
KEEFE COMMISSARY NETWORK and
KEEFE GROUP, LLC,

    Defendants.

Civil Action No. 24-2609-TDC

MEMORANDUM OPINION

    Self-represented Plaintiff Bryant Davis, who is currently incarcerated at the Western Correctional Institution in Cumberland, Maryland, has filed this civil action pursuant to 42 U.S.C. § 1983 ("§ 1983") in which he alleges that Defendants interfered with his ability to purchase items from the prison commissary and delivered one of his orders to the wrong cell, in violation of his constitutional rights, including the right to equal protection of the law under the Fourteenth Amendment to the United States Constitution. Defendants Keefe Commissary Network and Keefe Group, LLC (collectively, "KCN") have filed a Motion to Dismiss. Defendants Warden Robert Dean and Correctional Officer Jide Shamoye (collectively, "the State Defendants") have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Davis has filed a Motion for Appointment of Counsel. Upon review of the submitted materials, the Court finds that no hearing is necessary. See D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motions will be GRANTED, and Davis's Motion will be DISMISSED AS MOOT.

## BACKGROUND

In the Complaint, Davis alleges that while he was incarcerated at the Jessup Correctional Institution ("JCI") in Jessup, Maryland, he was denied the ability to purchase any detergents or Nextel soap through KCN beginning on January 1, 2023. He claims that all other inmates at JCI were able to buy these items. Davis states that his cousin also attempted to purchase detergent for him from the KCN website and was unable to do so. Davis asserts that although he can purchase soaps other than Nextel soap, those soaps cost between $1.00 and $2.25 per bar or bottle, while Nextel soap costs only $0.55 per bar. Davis contends that he is being prevented from purchasing the less expensive soap because he has more than $55,000 in his inmate account, and because he has filed grievances and lawsuits against JCI staff.

Davis asserts that he submitted a complaint under the Administrative Remedy Procedure ("ARP") to Warden Dean in which he alleged that Officer Shamoye stated, in response to Davis's inquiry about why he could not order soap through a tablet, "Because you like to file fucking lawsuits instead of shutting the fuck up, that's why." Compl. at 3, ECF No. 1. This ARP complaint, No. JCI-0434-24, was dismissed by Warden Dean because there was no evidence to substantiate Davis's claim against Officer Shamoye, and technical software issues on his tablet are not subject to the ARP process. Davis states that it is "patently absurd" that neither Officer Shamoye nor Warden Dean could contact KCN to fix the problem. *Id.* at 4. According to Davis, he argued in a similar ARP complaint, No. JCI-0389-24, that there was no penological reason for the denial of Davis's access to a tablet and its applications unless he had a disciplinary infraction, and then only after a hearing.

In addition, Davis claims that in September 2023, inmate workers from the prison laundry service incorrectly delivered items he had ordered, specifically, t-shirts, boxers, and socks worth

2

$150, to a different inmate in an adjacent cell. Davis filed an ARP complaint about the incident but states that Warden Dean did nothing, and that he never received his items. According to Davis, Warden Dean is using the "Intelligence Unit" to prevent Davis's access to tablet applications, and that Officer Coates, the ARP Coordinator, confirmed this in ARP No. JCI-0389-24. *Id.* at 7. Davis claims that this course of conduct violates his federal and state constitutional rights, including his right to equal protection of the law under the Fourteenth Amendment.

Davis also complained about the denial of access to commissary items to a KCN supervisor named Cora, who took no action. Because neither Davis nor his family can buy items through the KCN website, Davis claims that it must be the doing of KCN executives. Davis asserts that Warden Dean, as a supervisor, should have properly addressed these issues.

Davis filed the Complaint in this case on September 6, 2024. Between January 1, 2023 and September 30, 2024, Davis filed six ARP complaints relating to the allegations in his Complaint: (1) JCI-0389-24, (2) JCI-0434-24, (3) JCI-0443-24, (4) JCI-0524-24, (5) JCI-0672-24, and (6) JCI-1202-24. Each of these ARP complaints was dismissed for procedural reasons or on the merits. Davis did not appeal any of these ARP complaints to the Incarcerated Individual Grievance Office ("IIGO").

## DISCUSSION

KCN seeks dismissal of the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). The State Defendants also seek dismissal pursuant to Rule 12(b)(6) and alternatively seek summary judgment in their favor pursuant to Rule 56.

### I.    Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is

plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

The State Defendants filed their Motion as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and attached certain exhibits. Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Rule 12(d) requires courts to treat such a motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment; and (2) the nonmoving party must be afforded "a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted).

Here, the notice requirement has been satisfied by the title of the State Defendants' Motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party

must file an affidavit or declaration under Rule 56(d), or another filing, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002). In his memorandum in opposition to the Motion, Davis does not assert that summary judgment is premature and does not claim that he needs discovery in order to respond to the Motion. Under these circumstances, the Court will construe the State Defendants' Motion as a Motion for Summary Judgment for purposes of the arguments requiring consideration of the attached exhibits.

Under Rule 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248–49.

## II.   KCN's Motion to Dismiss

KCN seeks dismissal of the claims against it on the ground that it is not a state actor and therefore is not a proper defendant in a § 1983 action. Section 1983 creates a cause of action against any person who, under color of state law, subjects someone within the jurisdiction of the United States "to the deprivation of any rights, privileges, or immunities secured by the

5

Constitution and laws" of the United States. 42 U.S.C. § 1983. Thus, KCN may be held liable under § 1983 only if it was a state actor. KCN, a private company, is not a government agency. A private party may nevertheless be considered a state actor for purposes of a § 1983 claim under the following circumstances:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999). "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state," and § 1983 is inapplicable. *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

KCN, in its role as a provider of goods for purchase to Maryland inmates, does not engage in state action. *See Ryidu-X v. Md. Div. of Corr.*, No. WDQ-14-1735, 2015 WL 4095522, at *4 (D. Md. July 6, 2015) (dismissing a § 1983 claim against KCN because its contract to provide commissary items to prisoners does not render it a state actor). In carrying out its role, KCN executes neither a clear constitutional duty nor a traditionally and exclusively public function. *See DeBauche*, 191 F.3d at 507. Federal courts have routinely held that a vendor selling products to prisoners does not act under color of state law. *See, e.g., Bomer v. Access Catalog Co.*, 75 F. App'x 382, 383 (6th Cir. 2003). Indeed, numerous federal courts have concluded that KCN specifically, in its role as operator of prison commissaries, is not a state actor. *See Ahlgrim v. Keefe Grp., LLC*, No. 16-177 JB/GJF, 2016 WL 9819520, at *3 (D.N.M. Oct. 19, 2016) ("This Court has found no precedent . . . that holds that a private corporation acts under color of law by contracting with a state prison for the purposes of supplying commissary products to prisoners.");

*Leatherwood v. Rios*, No. 15-767-C, 2016 WL 7192684, at *4–5 (W.D. Okla. Oct. 13, 2016) (collecting cases and holding that KCN was not a state actor subject to suit under § 1983); *Kyles v. Keefe Commissary Network*, No. 14-cv-11907, 2015 WL 1637466, at *6 (E.D. Mich. Apr. 13, 2015) (same). Moreover, there are no allegations that KCN or its employees were coerced by state employees. Therefore, KCN cannot be found liable pursuant to § 1983, and its Motion to Dismiss will be granted.

### III. The State Defendants' Motion

In their Motion, the State Defendants assert that the Complaint must be dismissed on several grounds, including that Davis failed to exhaust available administrative remedies before filing this action. The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 578 U.S. 632, 642 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative

remedy is unavailable. An administrative procedure is not available when officers are consistently unwilling or unable to provide relief to aggrieved inmates, the procedure is so opaque that it is practically incapable of use, or prison administrators actively thwart inmates from filing grievances. *Ross*, 578 U.S. at 643–44.

In Maryland prisons, for the type of grievance asserted by Davis, the ARP is the administrative process that must be exhausted. *See generally* Md. Code Ann., Corr. Servs. §§ 10–201 to 10–210 (LexisNexis 2025); Md. Code Regs. 12.02.28.02(B)(1) (2025) (defining the ARP). First, a prisoner must file an ARP complaint with the warden of the prison within 30 days of the incident or when the prisoner gains knowledge of the injury giving rise to the complaint. *See* Md. Code Regs. 12.02.28.09(B), 12.02.28.05(D). Second, if the ARP is denied, a prisoner must file an appeal with the Commissioner of Correction within 30 days. Md. Code Regs. 12.02.28.14. If the appeal is denied, the prisoner must appeal within 30 days to the IIGO. *See* Md. Code Ann., Corr. Servs. § 10–206; Md. Code Regs. 12.02.28.18, 12.07.01.05. Inmates may seek judicial review of the IIGO's final determinations in a Maryland circuit court. Md. Code Ann., Corr. Servs. § 10–210.

The State Defendants have submitted a declaration by an IIGO official stating that there is no record that Davis has filed any appeals with the IIGO, including appeals of any of the six ARP complaints that he filed in relation to conduct at issue in this case. In his memorandum in opposition to the Motion, Davis asserts only that his ARP complaints were never investigated, a claim that is contradicted by the files on these ARP complaints that reflect investigative action. Regardless, Davis has neither alleged nor established that the ARP process was unavailable to him, nor has he presented any other reason for failing to appeal his ARP complaints through the entire administrative process before instituting this action. Thus, pursuant to the PLRA, because Davis

has not exhausted administrative remedies as to his claims against the State Defendants, the Court will dismiss those claims without prejudice. *See Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021).

## CONCLUSION

For the foregoing reasons, KCN's Motion to Dismiss will be GRANTED, and the State Defendants' Motion, construed as a Motion for Summary Judgment, will be GRANTED based on the failure to exhaust administrative remedies. Davis's Motion for Appointment of Counsel will be DISMISSED AS MOOT. A separate Order shall issue.

Date: February 5, 2026

THEODORE D. CHUANG
United States District Judge